IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | |
| PETITION OF WEIH S. CHANG | § | No. 377, 2016 |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: August 8, 2016
Decided: August 16, 2016
Corrected: August 18, 2016

Before **HOLLAND**, **VALIHURA**, and **VAUGHN**, Justices.

## **O R D E R**

This 18th day of August 2016, it appears to the Court that:

(1)  On July 22, 2016, Weih S. Chang filed a petition for a writ of mandamus asking this Court to issue a writ of mandamus to the Delaware State Police for the arrest of a former Court of Common Pleas judge or, in the alternative, to issue a writ of mandamus to the Justice of the Peace Court for acceptance of his citizen's arrest warrant for the same judge.  The Chief Deputy Clerk issued a notice directing Chang to show cause why this petition should not be dismissed for this Court's lack of jurisdiction to issue a writ of mandamus to the police under Del. Const. Art. IV, § 11(5) or to the Justice of the Peace Court under Supreme Court Rule 43(b)(vi).  In his response to the notice to show cause, Chang claims that he sought to appeal the Court of Chancery's denial of his petition for a writ of mandamus for lack of subject matter jurisdiction and that the Superior Court denied his petition for a writ of mandamus on August 3, 2016.

(2) Chang filed a petition for a writ of mandamus in this Court, not a notice of appeal. As to Chang's demand for issuance of a writ of mandamus to the police, this Court's jurisdiction is limited to issuance of a writ of mandamus "to the Superior Court, and the Court of Chancery, or any of the Judges of the said courts and also to any inferior court or courts established or to be established by law and to any of the Judges thereof and to issue all orders, rules and processes proper to give effect to the same."[1] As to Chang's demand for issuance of a writ of mandamus to the Justice of the Peace Court, the petition needed to be first filed and denied in the Superior Court.[2] At the time Chang filed this petition on July 22, 2016, there was no petition for a writ of mandamus that had been presented and denied in the Superior Court. This petition must therefore be dismissed.

(3) If Chang wishes to file a notice of appeal or a petition for a writ of mandamus based upon the Superior Court's denial of the petition for a writ of mandamus he filed in that court on August 3, 2016, he must file a notice appeal of the Superior Court order or a new petition for a writ of mandamus in this Court. The notice of appeal or petition for a writ of mandamus must be accompanied by the required filing fee or a motion to proceed *in forma pauperis*.

---

[1] Del. Const. Art. IV, § 11(5).
[2] Supr. Ct. R. 43(b)(vi).

2

NOW, THEREFORE, IT IS ORDERED that the petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice